UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVARA PHARMACEUTICAL SERVICES LTD. et al.,

                                Plaintiffs,

-v-

JPMORGAN CHASE BANK, N.A.,

                                Defendant.

22 Civ. 9494 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    Earlier today, plaintiff Avara Pharmaceutical Services, Ltd. ("Avara") and its fellow plaintiffs moved for a temporary restraining order and a preliminary injunction restraining defendant JPMorgan Chase Bank, N.A. ("JPM") from proceeding with an action in the District Court of Cleveland County, Oklahoma, in which JPM seeks the appointment of a receiver over certain of plaintiffs' assets. Dkt. 4-10 at 7. Plaintiffs assert that they have "no choice" but to request that this Court issue an injunction blocking the Oklahoma state court proceeding. *Id.* at 9. Their basis is a forum selection clause in the operative loan agreement between the parties that the Oklahoma court has construed to subject plaintiffs, but not JPM, to the "exclusive jurisdiction" of New York. *Id.* Plaintiffs argue that the appointment of a receiver would cause immediate irreparable harm to them, insofar as it would, *inter alia*, disrupt business operations and damage their reputation. *See id.* at 19–21.

    This afternoon, JPM sent the Court, initially by email and later by docketed filing, a response. Dkt. 10-1. It argued that plaintiffs are at liberty to make the very same arguments to the court hearing the Oklahoma state court action, thus eliminating the ostensible need for this Court to take injunctive action. *Id.* It further argued that the requested emergency relief would

violate the Anti-Injunction Act, 28 U.S.C. § 2283. *Id.* Plaintiffs thereupon filed a brief reply. Dkt. 11.

JPM is correct. This Court has reviewed the operative order of the Oklahoma state court which, in denying plaintiffs' motion to dismiss JPM's action, construed the forum selection clause in their agreement. *See* Dkt. 4-5. Vitally, the Oklahoma court merely held that the forum selection clause "does not restrict JPMorgan from bringing this action in Cleveland County," and that the "exclusive jurisdiction" provision "only applies" to Avara. *Id.* at 3. The Oklahoma state court found that Avara, under the agreement's plain language, had "agreed to restrict itself as to where it can maintain an action related to the underlying agreements." *Id.* In the court's view, "the parties entered into a contract that limited jurisdiction to the courts of New York with an exception for certain claims brought by JPMorgan." *Id.* at 4.

The agreement thus, as construed, does not limit the arguments that Avara can make in the jurisdiction, Oklahoma, where JPM has brought suit. It merely prohibits Avara from initiating its own lawsuit in a jurisdiction other than New York. As such, based on the parties' submissions and the order of the Oklahoma state court, the Court discerns no reason to enjoin proceedings in the Oklahoma state court. Plaintiffs claim that this Court is the "*only* forum in which Avara can assert its claims due to the 'one-way' forum selection clause in the loan documents that prevents Avara from litigating in Oklahoma." Dkt.4-10 at 8. But that is wrong. Although delimiting where the parties could "bring" or "maintain" actions related to the underlying agreement, the Oklahoma state court order does not restrict the defenses that Avara can invoke in the forum in which JPM has filed. *See* Dkt. 4-5 at 3, 4. Plaintiffs thus have failed to make out, *inter alia*, a persuasive claim of irreparable harm from having to litigate in Oklahoma.

2

Accordingly, because plaintiffs may raise their challenges to the appointment of a receiver in the Oklahoma state court, the Court DENIES, without prejudice, plaintiffs' motion for a temporary restraining order and preliminary injunction. In light of this ruling, the Court does not have occasion to reach JPM's other arguments opposing emergency relief, including based on the Anti-Injunction Act.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: November 7, 2022
       New York, New York