# LATHAM&WATKINS LLP

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 5, 2023

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: *Avara Pharmaceutical Services LTD. et al v. JPMorgan Chase Bank, N.A.* (22-cv-09494)

Dear Judge Engelmayer:

We write on behalf of Defendant JP Morgan Chase Bank, N.A. ("JPM") in the above-referenced action and pursuant to Local Civil Rule 37.2 and this Court's Individual Rule 2.C to request that the Court stay discovery pending a decision on JPM's motion to dismiss Plaintiffs' Amended Complaint (the "Motion"). (ECF Nos. 57–59). Good cause exists to stay discovery here, where Plaintiffs claims are in doubt, discovery is likely to be broad, and the imposition of a stay would not prejudice Plaintiffs. The parties met and conferred regarding discovery on March 28, 2023, but Plaintiffs would not agree to stay discovery pending resolution of the Motion.

### A. Background

Plaintiffs are defaulting obligors under a credit agreement with JPM (the "Agreement") and indisputably owe JPM over $23 million in outstanding amounts. However, after JPM filed litigation in Oklahoma state court to recover on the amounts owed (as JPM is permitted to do under the parties' Agreement), Plaintiffs filed this action. (*See* ECF No. 1). Plaintiffs did so with the express purpose of "prevent[ing] JPM from proceeding with the [] action in Oklahoma." (*Id.* ¶ 8). The Complaint's central allegation is that JPM breached the Agreement by failing to pursue recovery against a non-guarantor entity in English insolvency proceeding rather than recover from the borrower directly or other obligors under the Agreement.

JPM filed a motion to dismiss on December 12, 2022. (ECF Nos. 27–28). On January 4, 2023, the Court stayed the case at the parties' request to allow them to pursue resolution through mediation. (ECF No. 34). The parties were unable to resolve the matter and the stay was lifted on March 2, 2023. (ECF No. 40). Plaintiffs thereafter filed an amended complaint on March 15, 2023 (the "AC"). (ECF No. 41). The AC expanded Plaintiffs' allegations—which already complained of JPM's actions in England—to include allegations regarding JPM's actions taken in a separate insolvency of another affiliate in Ireland and added an "abuse of process" claim relating to the Oklahoma action, but did nothing to fix the flaws identified in the original motion to dismiss, as explained in more detail in the motion to dismiss the amended complaint. (*See* ECF No. 58).

LATHAM&WATKINS<sup>LLP</sup>

On March 28, 2023, the parties conferred telephonically regarding discovery. Despite knowing that JPM was days away from filing a renewed motion to dismiss, the resolution of which JPM believes will result in the dismissal of all claims and, if not, would likely at least narrow them, Plaintiffs refused to consider staying discovery. Instead, Plaintiffs proposed a discovery schedule which makes clear that they want to pursue discovery on an expedited basis (with written discovery to be exchanged by April 14, even though this Court has not yet scheduled a Rule 16 conference, and no deadline to submit a case management plan yet exists) and that the parties have considerable disagreements over how discovery should proceed if the case is not dismissed. Though Plaintiffs have not yet served discovery, based on the breadth of allegations in the AC, it is clear that under Plaintiffs' view discovery would sweep across three jurisdictions and date back at least eight years.

JPM filed the Motion on April 5, 2023, explaining that all of Plaintiffs' claims are directly barred by the Agreement. Because resolution of the Motion will likely conclude this litigation or, at minimum, dramatically narrow the subject matter of this dispute, JPM requests that the Court stay discovery until the Court has considered and ruled on that Motion.

### B. The Court should stay discovery pending resolution of the Motion.

Courts have broad "discretion to stay discovery 'for good cause.'" *Boelter v. Hearts Commc'ns, Inc.*, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016); *see Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same). An exercise of this discretion is particularly warranted where, as here, "the disposition of the dismissal motion[] may significantly narrow, if not eliminate, the issues" and where "proceeding with discovery while the motion is pending would waste the parties' resources." *Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y, Jun. 10, 2020).

In determining whether to stay discovery pending resolution of a motion to dismiss, courts consider three factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, an (3) the strength of the motion." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); *see also Spinelli v. NFL*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting discovery stay). All three factors weigh in favor of granting a discovery stay here.

#### 1. Breadth of Discovery

In determining whether the breadth of discovery weighs in favor of staying discovery, courts consider, among other elements, the number and scope of the requests (both time period and subject matter). *Spinelli*, 2015 WL 7302266, at *5. For example, courts have stayed discovery when pending a motion to dismiss where "the breadth of the discovery sought in th[e] action will cover a six-year period." *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1; *O'Sullivan*, 2018 WL 1989585, at *8 (stay granted where discovery spanned "many years"); *Boelter*, 2016 WL 361554, at *5 (stay granted as to broad requests over a variety of time periods).

Allegations in the AC date back to 2016 (*see, e.g.*, AC ¶¶ 18–19) and span to the present. And full discovery will require discovery from at least two foreign jurisdictions and invoke complex privilege issues regarding discussions between JPM and liquidators in England and Ireland. Discovery will therefore require burdensome privilege review and potential involvement

of the liquidators. If the Court agrees that the Irish and English proceedings are irrelevant because the Plaintiffs waived any right to complain about JPM's actions therein (*see* ECF No. 58, §§ I, II), then "the motion [will be] granted, [and] this burden will likely have served little purpose. *Miller v. Brightstar Asia, Ltd.*, No. 20CV4849GBDJLC, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (granting a discovery stay in part because the breadth of discovery was too burdensome due to international discovery requests); *see also Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007). This factor thus weighs in favor of staying discovery.

### 2. Prejudice

This case is in its early stages, and Plaintiffs will not be prejudiced by a brief stay of discovery pending resolution of the Motion. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2. Accordingly, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. *O'Sullivan*, 2018 WL 1989585, at *9. It would not be credible for Plaintiffs to assert prejudice given this case was already stayed once at their request. This factor also weighs in favor of JPM.

### 3. Motion Strength

To determine whether the strength of the Motion weighs in favor of staying discovery, the court need "not predict the outcome of Defendant's motion," but instead, upon an "initial review" of the motion, may determine if it "is potentially dispositive, and appears to be not unfounded in the law." *Boelter*, 2016 WL 361554, at *5. A motion to dismiss is considered strong if it contains "multiple, independent arguments for dismissal." *Integrated Sys.*, 2009 WL 2777076, at *1.

JPM's motion contains at least seven independent arguments that support dismissal of the AC in part or in full. For one, all claims are barred by various waivers and limitations in the Agreement. Even if they were not barred (which they are), Plaintiffs point to no provision of the Agreement that supports a claim for breach of contract, much less any obligation on JPM's part to recover from non-guarantors in insolvency proceedings overseas; instead, the obligations Plaintiffs claim JPM breached either expressly contradict the Agreement or are disclaimed by it. And even if JPM did pursue recovery against the English and Irish entities, JPM would not have been able to recover funds sufficient to satisfy Plaintiffs' debt. The claim for breach of the implied covenant of good faith and fair dealing also fails as duplicative of the contract claims and because Plaintiffs seek to imply duties that again contradict the Agreement's plain terms. The abuse of process claim fails because the Oklahoma action was a legitimate use of the court's process to its authorized end—collection on the debts the Plaintiffs admittedly owe – and it based on protected statements in a litigation. The remaining claims are just as meritless. Certainly none of JPM's arguments are "unfounded in the law." This factor therefore also weighs in favor of staying discovery.

### C. Conclusion

For these reasons, the Court should stay discovery pending resolution of JPM's Motion.

LATHAM&WATKINS LLP

            Respectfully submitted,

            /s/ *Christopher Harris*
            Christopher Harris
            of LATHAM & WATKINS LLP

CC: All counsel of record

The Court directs plaintiffs to file, by April 14, 2023, a letter, no longer than four single-spaced pages, responding to defendant's motion to stay discovery. SO ORDERED.

          *[signature]*
          PAUL A. ENGELMAYER
          United States District Judge
          April 10, 2023